1  JANET M. HEROLD
   Regional Solicitor
2  SUSAN SELETSKY
   Counsel for FLSA
3  ANDREW J. SCHULTZ
   Trial Attorney
4  California Bar No. 237231
   United States Department of Labor
5  Office of the Solicitor
   90 Seventh Street, Suite 3-700
6  San Francisco, California 94103
   Telephone: (415) 625-7745
7  Facsimile: (415) 625-7745
   Email: Schultz.andrew@dol.gov
8
   Attorneys for Plaintiff, Thomas E. Perez,
9  Secretary of Labor,
   United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> TROY FAROL, as an individual and doing business as Farol's Residential Care Home; LEILANI FAROL, as an individual and doing business as Farol's Residential Care Home; and CESARASAN ARES, an individual <br><br> Defendants. | Docket No.: 3:15-cv-00227 <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT <br> (29 U.S.C. §§ 201, et seq.) |

1.  Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants TROY FAROL, as an individual and doing business as Farol's Residential Care Home; LEILANI

COMPL. FOR VIOLATIONS OF FLSA        1

1  FAROL, as an individual and doing business as Farol's Residential Care Home;
2  FERDINAND FAROL, an individual; and CESARASAN ARES, an individual,
3  (collectively "Defendants") from violating the provisions of the Fair Labor
4  Standards Act of 1938, as amended (hereinafter called "FLSA" or the "Act"), 29
5  U.S.C. § 201 *et seq.*, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and to
6  recover unpaid minimum wage and overtime compensation owed under the Act to
7  present and former employees of Defendants, including those listed by name on the
8  attached Exhibit A to this Complaint, together with an equal amount of liquidated
9  damages, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).

10       2.      This Court has subject matter jurisdiction pursuant to Sections 16(c)
11  and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has subject matter
12  jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1345
13  (United States as plaintiff).

14       3.      Venue lies in the United States District Court for the Northern District
15  of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events
16  giving rise to the claims at issue occurred in or around San Francisco, California.

17       4.     (a)     Defendant TROY FAROL, as an individual and as doing
18  business as Farol's Residential Care Home, has and at all times hereinafter
19  mentioned has had offices and places of business at 801 38th Avenue, San
20  Francisco, CA; 475 Eucalyptus Drive, San Francisco, CA; 757 44th Avenue, San
21  Francisco, CA; 2277 33d Avenue, San Francisco, CA; and 22777 33d Avenue, San
22  Francisco, CA; within the jurisdiction of this Court, and is, and at all times
23  hereinafter mentioned was, engaged in the operation of residential care homes for
24  elderly adults, and acted directly or indirectly in the interest of Farol's Residential
25  Care Home in relation to its employees by exercising supervisory authority over

26  COMPL. FOR VIOLATIONS OF FLSA            2

1 the employees named in Exhibit A, including making decisions about hiring,
2 firing, and pay.  As such, Defendant TROY FAROL is and has been an employer
3 within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

4     (b)    Defendant LEILANI FAROL, as an individual and doing
5 business as Farol's Residential Care Home, has and at all times hereinafter
6 mentioned has had offices and places of business at the locations listed for the
7 same in subparagraph (a), within the jurisdiction of this Court and is, and at all
8 times hereinafter mentioned was, engaged in the operation of residential care
9 homes for elderly adults, and acted directly or indirectly in the interest of Farol's
10 Residential Care Home in relation to its employees by exercising supervisory
11 authority over the employees named in Exhibit A, including making decisions
12 about hiring, firing, and staffing schedules.  As such, Defendant LEILANI FAROL
13 is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. §
14 203(d).

15     (c)    Defendant CESARSAN ARES, an individual, acted directly or
16 indirectly in the interest of Farol's Residential Care Home in relation to its
17 employees by exercising supervisory authority over the employees named in
18 Exhibit A, including making decisions regarding hours worked and
19 recommendations as to hiring and firing.  As such, Defendant CESARSAN ARES
20 is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. §
21 203(d).

22     5.    Defendants at all times hereinafter mentioned have been, engaged in
23 related activities performed through unified operation or common control for a
24 common business purpose, and is and at all times hereinafter mentioned was, an
25 enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

26 COMPL. FOR VIOLATIONS OF FLSA    3

1  Defendants TROY FAROL and LEILANI FAROL operated residential care homes
2  for elderly adults.
3      6.   Defendants are and at all times hereinafter mentioned have been, an
4  enterprise engaged in commerce or in the production of goods for commerce
5  within the meaning of Section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in
6  that said enterprise at all times hereinafter mentioned had employees engaged in
7  the operation of residential care homes for elderly adults.
8      7.   Defendants have repeatedly violated the provisions of Sections 6 and
9  15(a)(2) of the Act, 29 U.S.C. §§ 206, 215(a)(2), by paying employees wages at
10 rates less than the applicable federal minimum wage in workweeks when said
11 employees were engaged in commerce or in the production of goods for commerce
12 within the meaning of the Section 3(s) of the Act, 29 U.S.C. § 203(s), as described
13 in paragraph 6 from at least November 18, 2011 to November 17, 2013 ("Subject
14 Period").
15     8.   Defendants have repeatedly violated the provisions of Sections 7 and
16 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who
17 in workweeks were engaged in commerce or the production of goods for
18 commerce, within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s), for
19 workweeks longer than forty hours without compensating said employees for their
20 employment in excess of forty hours per week during such workweeks at rates not
21 less than one and one-half times the regular rate at which they were employed
22 during the Subject Period.  The violative pay practices included paying employees
23 at a flat rate for all hours worked.
24     9.   Defendants, employers subject to the provisions of the Act, have
25 violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§
26 COMPL. FOR VIOLATIONS OF FLSA        4

211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked with respect to several employees.

10. (a) During the Subject Period, Defendants have willfully violated the aforesaid provisions of the Act. Defendants were aware of the FLSA wage requirements and consistently and deliberately failed to compensate employees at the required wage rates.

(b) As a result of the aforesaid violations of the Act, there is unpaid minimum wage compensation being withheld by Defendants.

(c) As a result of the aforesaid violations of the Act, there is unpaid overtime compensation being withheld by Defendants.

(d) Judgment permanently enjoining and restraining such violations of the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(e) Judgment enjoining and restraining any continued withholding of unpaid minimum wage and overtime compensation due under the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(f) Judgment awarding unpaid back wages due under the Act, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the Act, is specifically authorized by Section 16(c) of the Act, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

COMPL. FOR VIOLATIONS OF FLSA            5

A. (1) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from prospectively violating the provisions of Section 15(a)(2), 15(a)(3), and (a)(5) of the Act, 29 U.S.C. §215(a)(2), (a)(3), and (a)(5); and

B. For an Order

(1) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the minimum wage and overtime compensation found due to Defendants' employees, including those listed in the attached Exhibit A;

(2) in the event liquidated damages are not awarded, pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate;

(3) For an Order awarding Plaintiff the costs of this action; and

COMPL. FOR VIOLATIONS OF FLSA           6

(4) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: January 15, 2015

        M. PATRICIA SMITH
        Solicitor of Labor

        JANET M. HEROLD
        Regional Solicitor

        SUSAN SELETSKY
        Counsel for FLSA


        */s/ Andrew J. Schultz*
        ANDREW J. SCHULTZ
        Trial Attorney


        Attorneys for Plaintiff
        Secretary, U.S. Department of Labor

COMPL. FOR VIOLATIONS OF FLSA      7

# EXHIBIT A

1. Alfanso, Gabriel
2. Aquino, Lorenzo
3. Aryan, Marcelo
4. Busante, Virginia
5. Martinez Garcia Jr, Chrisostomo
6. De Villa, Kenneth
7. Detoyato, Adora
8. Feraren, Danny
9. Follosco, Dionisio
10. Ho, Ireneo
11. Lapuz, Alicia
12. Mckenzie, Eleanor
13. Naval, Teresita
14. Pascua, Irena
15. Ras, Danilito
16. Revilla Caspillan, Gerald
17. Revilla Caspillan, Jerry
18. Revilla Caspillan, Rosama
19. Rosalez, Sheila
20. San Felipe Manangan, Gloria
21. Subida, Edgardo
22. Subida, Rosa Linda
23. Terry, Frecinia
24. Tibon, Armida

1. Toledo, Felix
2. Vano, Clarissa
3. Velasco, Lynn

COMPL. FOR VIOLATIONS OF FLSA        9