JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
ANDREW J. SCHULTZ
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 7TH ST. Ste., 3-700
San Francisco, CA 94103
Direct: (415) 625-7745
Facsimile: (415) 625-7745
Email: schultz.andrew@dol.gov

Attorneys for Plaintiff, Thomas Perez,
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Perez,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br>  v.<br><br>TROY FAROL, as an individual and<br>doing business as Farol's Residential<br>Care Home; LEILANI FAROL, as an<br>individual and doing business as Farol's<br>Residential Care Home; and<br>CESARSAN ARES, an individual,<br><br>      Defendants. | Case No.: 4:14-cv-00227-JD<br><br>**(PROPOSED)**<br>**CONSENT JUDGMENT & ORDER** |

Plaintiff, Thomas Perez, Secretary of Labor, United States Department of Labor

("Plaintiff" or the "Secretary"), and Defendants TROY FAROL, as an individual and doing business as Farol's Residential Care Home; LEILANI FAROL, as an individual and doing business as Farol's Residential Care Home; an individual; and CESARSAN ARES, an individual (hereafter collectively referred to as "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

    A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), (3), and (5).

    B. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

    C. Defendants acknowledge their right to retain counsel in this matter.

    D. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

    E. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

    F. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the district court for the Northern District of California.

    G. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

    H. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors at Defendants' residential care home facilities) have notice of, and understand, the provisions of this Consent Judgment.

    I. Defendants admit to paying a flat amount for all hours worked to twenty-seven (27) of their employees who performed work at their residential care home facilities during the period from November 18, 2011 through and in-

cluding November 17, 2013 ("Subject Period") .

J. Defendants understand and expressly acknowledge that the provisions and safeguards guaranteed under the FLSA to employees, including but not limited those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5), apply to the Employees paid on a flat rate.

K. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during the Subject Period by paying at least fourteen (14) of the Employees' wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

L. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the Subject Period by employing at least twenty-seven (27) of the Employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, and by failing to pay such employees compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

M. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the Subject Period by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA. Defendants understand and expressly acknowledge that by the date Defendants sign this Consent Judgment, Defendants will keep accurate records of the wages, hours, and other work

conditions and practices for each and every individual who performs any work for Defendants at their current or future residential care home facilities.

N. Defendants understand and expressly acknowledge that 15(a)(3) states they are not to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this investigation.

O. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, TROY FAROL, as an individual and doing business as Farol's Residential Care Home; LEILANI FAROL, as an individual and doing business as Farol's Residential Care Home; and CESARSAN ARES, an individual, and Defendants' officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES, shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25

per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

2. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rates at which he or she is employed.

3. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

4. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at their current or future residential care home facilities.

5. **IT IS FURTHER ORDERED** that Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES shall not continue to withhold payment of **$197,403.08** which represents the agreed unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period to those current and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein.  Further, Defendants shall not continue to withhold payment of $10,098.00 in unpaid civil money penalties assessed against the Defendants, and finally determined, pursuant to authority granted in Fair Labor Standards Act

Section 16(e), for violations of the minimum wage and overtime provisions of the Act during the period of November 18, 2011, through November 17, 2013.

6. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES and any individual or entity acting on Defendants' behalf or at their direction, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$405,284.16**, which is comprised of unpaid minimum wage and overtime compensation owed by Defendants in the amount of **$197,403.08**, an addition amount of **197,403.08** in liquidated damages, plus **$380.00** in post judgment interest, and an additional **$10,098.00** in civil money penalties.

7. Defendants TROY FAROL, LEILANI FAROL, FERDINAND FAROL, and CESARSAN ARES shall pay to their employees the sum of **$395,186.16**, which is comprised of **$197,403.08** in liquidated damages, plus **$380.00** in interest, plus **$197,403.08** in back wages due, which represents the unpaid gross minimum wage and overtime compensation hereby found to be due for the Subject Period to the cur-

rent and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof.

8. Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES shall pay to the United States Department of Labor **$10,098.00** in civil money penalties as a result of the aforementioned violations of the Fair Labor Standards Act. The $10,098.00 shall be made from the first three payments described in paragraph 9(b), below.

9. The provisions of this Consent Judgment shall be deemed satisfied where Defendants comply with the following payment provisions:
    a. Within fourteen (14) calendar days of the entry of this Consent Judgment, Defendants TROY FAROL, LEILANI FAROL, FERDINAND FAROL, and CESARSAN ARES shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Susana Blanco, 90 Seventh Street, Suite 12-100, San Francisco, California, 94103, a schedule containing: (1) the employer's names, employer identification number(s), employer addresses and telephone numbers, and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, mobile telephone numbers, gross amount of back wages (as listed in the attached Exhibit A), amounts of legal deductions for Social Security and withholding taxes thereon, and the resulting net amount of back wages for each employee listed in the attached Exhibit A. Defendants shall be responsible for determining each employee's legal deductions for Social Security and withholding taxes thereon from the amounts to be paid to the employees named in the attached Exhibit A, and for timely remitting said deductions to the appropriate governmental agencies entitled thereto.
    b. Payment Terms. Beginning not later than August 1, 2014 and continuing through February 1, 2016, Defendants shall pay $4,000.00 per month. On March 1, 2016, Defendants shall pay the remaining amount due.

10. In the event of a default in the timely making of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment

interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

11. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of a notice of rights, attached as **Exhibit B**, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding care home employees' rights under the FLSA ("Notice of Rights"). Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:
    a. Defendants shall post a copy of Exhibit B in a prominent location at all of Defendants' current residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms), and Defendants shall do the same at any future residential care home facility within ten (10) calendar days of it beginning operations;
    b. Defendants shall provide a copy of Exhibit B with the first monthly payment for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees;
    c. Defendants shall provide a copy of Exhibit B to all newly hired employees before or by the date said employee begins performing work for Defendants at one of Defendants' residential care home facilities.
12. Within ten (10) calendar days of the date Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of Defendants' residential

care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms). Defendants shall do the same at any future residential care home facility within ten (10) calendar days of it beginning operations. Copies of said posters are available for download and printing at:

> http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

13. Within six (6) months of the date that Defendants TROY FAROL, LEILANI FAROL, FERDINAND FAROL, and CESARSAN ARES, sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, the Wage and Hour Division may elect to provide training at Defendants' worksite. If the Wage and Hour Division so elects, Defendants shall permit representatives from Wage and Hour to conduct a training session for all individuals performing work at Defendants' residential care home facilities. Defendants shall also be present at said training, which shall be compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA and specific considerations relating to residential care home facility employees. Upon a determination by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendants' employees, during which time Defendants are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay.

14. Within ten (10) calendar days of the date Defendants TROY FAROL, LEILANI FAROL, and CESARSAN ARES sign this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:
   a. All individuals performing work for Defendants at any of their current residential care facilities (and any other location where individuals perform work for

Defendants) shall record their work time in an accurate and timely manner, whether such recording be made through the use of a time clock, handwritten time records, or by other means ("Time Records"). Work time shall include, but is not necessarily limited to, time spent by individuals: bathing, grooming, clothing, feeding, providing companionship and social interaction with client residents (via taking residents on walks, playing games with residents), or otherwise caring for client residents; cooking meals; doing laundry, performing related housekeeping duties, and performing administrative tasks. All individuals performing work for Defendants at any of their future residential care home facilities shall implement the same recordkeeping system within either the first day said facility begins operations or the first day said employee begins his or her employment with Defendants.

b. For each work week, Defendants shall sum each individual's Time Records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day, week and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work Hours Summary, write in corrections if necessary, and sign the Work Hours Summary. Each Work Hours Summary shall contain a statement in English indicating that:

> **"Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties. If you think your Employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."**

Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all Work Hours Summary for inspection by the U.S. Department of Labor at any time and by any of Defendants' employees at any time. Defendants shall post in a prominent location at all of Defendants' cur-

rent residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) a notice alerting employees that they have the right to inspect their Time Records and Work Hours Summary at any time without prior request ("Inspection Notice"). Defendants shall do the same at any future residential care home facility within the first day said facility begins operations.

c. Defendants shall not claim that lodging at Defendants' residential care home facilities is part of an employee's pay ("Lodging Credit") unless they comply fully with 29 C.F.R. Part 516, including but not limited to 29 C.F.R. § 516.27. Should Defendants opt to seek a Lodging Credit, Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a Lodging Credit is claimed. Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all receipts, expenditures and any other documentary support for any Lodging Credit claimed. Defendants shall make said Lodging Credit documentation available for inspection by the U.S. Department of Labor at any time and by any employee at any time without prior request. Should Defendants opt to seek a Lodging Credit pursuant to 29 C.F.R. Part 516, every quarter (on January 1, March 1, June 1 and October 1 of each year), Defendants shall post a statement in a prominent location at all of Defendants' current and future residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) detailing how Defendants calculated the amount of any claimed Lodging Credit during the previous calendar quarter ("Lodging Credit Notice"). Defendants shall continue to display any Lodging Credit Notice for two (2) years after claiming any Lodging Credit.

    d. Should an employee of Defendants be required to be on duty for twenty-four (24) hours or more at any of Defendants' current or future residential care home facilities, Defendants and the employee may agree to exclude bona fide meal periods and bona fide regularly scheduled sleeping periods of up to eight (8) hours from that employee's hours worked ("Sleeping Time"), provided that Defendants comply fully with 29 C.F.R. Part 785, including but not limited to 29 C.F.R. § 785.22. Should Defendants opt to exclude Sleeping Time from an employee's work schedule, Defendants shall, among other things, provide said employee with adequate sleeping facilities. Should an employee's sleeping period be interrupted by a call to perform work (including but not limited to tending to client residents), the period of interruption shall be counted as hours worked, as provided in 29 C.F.R. § 785.22.

    e. Defendants shall not claim that food eaten by their employees at any of Defendants' current and future residential care home facilities is a part of said employees' pay ("Meal Credit") absent full compliance with 29 C.F.R. Part 531. Should Defendants opt to seek a Meal Credit, Defendants shall retain receipts for any food purchased for which they claim said credit. Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of receipts for food purchased as to which Defendants assert a Meal Credit. Defendants shall make these receipts available for inspection by the U.S. Department of Labor at any time and by any employee at any time without prior request. Should Defendants opt to seek a Meal Credit pursuant to 29 C.F.R. Part 531, every quarter (on January 1, March 1, June 1 and October 1 of each year), Defendants shall post a statement in a prominent location at all of Defendants' current and future residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) detailing how Defendants calculated the amount of any Meal Credit claimed during the previous calendar quarter ("Meal Credit No-

tice"). Defendants shall continue to display any Meal Credit Notice for two (2) years after claiming any Meal Credit.

15. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified herein for the back wage recovery provisions.

16. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: _____

_____
United States District Judge

Consented to By:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

_____
ANDREW J. SCHULTZ
Trial Attorney
U.S. Department of Labor
Attorneys for Plaintiff

Dated: January 15, 2015

_____ Dated: 11/25/14
TROY FAROL, individually and doing business as Farol Residential Care Homes

_____ Dated: 12/18/14
LEILANI FAROL, individually and doing business as Farol Residential Care Homes

_____ Dated: 11-22-14
CAESARAN ARES, an individual

# EXHIBIT A

| Name | Back Wages | Liquidated Damages | Interest | Total |
|---|---|---|---|---|
| Rosa Linda Subida | 18,107.00 | 18,107.00 | $34.86 | 36,248.86 |
| Felix Toledo | 9,704.70 | 9,704.70 | $18.68 | 19,428.08 |
| Edgardo Subida | 10,251.38 | 10,251.38 | $19.73 | 20,522.49 |
| Danilito Ras | 1,669.50 | 1,669.50 | $3.21 | 3,342.21 |
| Clarissa Vano | 12,939.60 | 12,939.60 | $24.91 | 25,904.11 |
| Irena Pascua | 4,043.63 | 4,043.63 | $7.78 | 8,095.04 |
| Alicia Lapuz | 12,130.88 | 12,130.88 | $23.35 | 24,285.11 |
| Teresita Naval | 892.99 | 892.99 | $1.72 | 1,787.70 |
| Gloria San Felipe Manangan | 9,306.28 | 9,306.28 | $17.91 | 18,630.47 |
| Kenneth De Villa | 3,584.81 | 3,584.81 | $6.90 | 7,176.52 |
| Lynn Velasco | 1,701.38 | 1,701.38 | $3.28 | 3,406.04 |
| Gabriel Alfanso | 1,998.28 | 1,998.28 | $3.85 | 4,000.41 |
| Frecinia Terry | 3,771.58 | 3,771.58 | $7.26 | 7,550.42 |
| Lorenzo Aquino | 9,306.28 | 9,306.28 | $17.91 | 18,630.47 |
| Virginia Busante | 7,514.06 | 7,514.06 | $14.46 | 15,042.58 |
| Sheila Rosalez | 356.06 | 356.06 | $0.69 | 712.81 |
| Eleanor Mckenzie | 2,643.09 | 2,643.09 | $5.09 | 5,291.27 |
| Dionisio Follosco | 2,805.47 | 2,805.47 | $5.40 | 5,616.34 |
| Chrisostomo Martinez Garcia, Jr. | 221.53 | 221.53 | $0.43 | 443.49 |
| Ireneo Ho | 20,040.23 | 20,040.23 | $38.58 | 40,119.04 |
| Armida Tibon | 24,261.75 | 24,261.75 | $46.70 | 48,570.20 |
| Adora Detoyato | 6,469.80 | 6,469.80 | $12.45 | 12,952.05 |
| Danny Feraren | 12,939.60 | 12,939.60 | $24.91 | 25,904.11 |
| Gerald Revilla Caspillan | 1,392.56 | 1,392.56 | $2.68 | 2,787.80 |
| Jerry Revilla Caspillan | 1,036.50 | 1,036.50 | $2.00 | 2,075.00 |
| Marcelo Aryan | 522.19 | 522.19 | $1.01 | 1,045.39 |
| Rosama Revilla Caspillan | 17,791.95 | 17,791.95 | $34.25 | 35,618.15 |
| Totals | 197,403.08 | 197,403.08 | $380.00 | 395,186.16 |

# EXHIBIT B

# LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of Farol's Residential Care Home. In a settlement with the United States Department of Labor, TROY FAROL, LEILANI FAROL, and CESARSAN ARES have voluntarily agreed to pay the back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA").

The FLSA provides that all employees must be paid **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over forty (40) in a workweek. All employees are entitled to overtime when they work over forty (40) hours.

Farol's Residential Care Home may make deductions from your wages if they provide you with **meals or lodging**. However, if they make these deductions, they must also keep accurate records supporting these costs, such as receipts, and you are entitled to review those records to ensure that the deductions are proper.

If you work for 24 hours or more at a time, you must be provided with adequate sleeping facilities, and an uninterrupted night of sleep of five (5) hours or more. If your sleep is not interrupted, Farol's Residential Care Home does not have to pay you for eight hours to cover your sleep time. However, if your sleep is interrupted, because, for

example, you must tend to client residents, that interruption must be counted as hours worked, and you must be paid for that time.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any question about your employment situation, such as your rights to minimum and overtime wages.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

The Department wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.